Pleading and practice; failure to prosecute; rule to show cause made absolute; attorney deceased; inability of court to locate plaintiff — On February 9,1982 the court entered the following order:
Before Davis, Nichols, and Smith, Judges.
per curiam:
This suit, initiated in the United States District Court for the Northern District of Texas, was transferred to this court because it sought more than $10,000. The complaint in the District Court was signed by attorney Ernest May, Law Office of Jack W. Beech, of Fort Worth, Texas. The record was received here, on transfer, on September 8, 1981. Plaintiff and his attorney failed to comply with Rule 183 of this court, requiring the plaintiff to file within twenty days (of the receipt of the record) sixteen copies of the complaint in the District Court with the necessary changes for proceeding in this court. Nothing else was filed, nor did the court hear from plaintiff or his attorney.
On October 16, 1981, this court directed the issuance of a Rule to Show Cause (returnable November 30, 1981) why the case should not be dismissed for failure of prosecution. This Rule was mailed to Mr. May’s offices. Thereafter, the Clerk received a telephone call from a person (Ms. Carmen Glazner) who stated that (a) Mr. May, attorney for the plaintiff, had died, (b) she was the executrix of his estate, and that (c) she had searched Mr. May’s files and records but had been unable to locate an address for the plaintiff. The court was also unable to find any such address in the record received from the District Court on transfer. No one appeared for plaintiff on the calling of the Rule to Show Cause (before this panel) on November 30,1981.
The court suspended action on the Rule to Show Cause and directed the Clerk to request Ms. Glazner, again, to attempt to locate an address for plaintiff Keel, or at least the locality of his residence. The Clerk did so by letter, and Ms. Glazner replied some time later that, as a practicing attorney and executrix of Mr. May’s estate, she was aware of her duties, and had made all reasonable attempts to locate Mr. Murray Keel to no avail.
That being the situation, the court is satisfied that it has made reasonable efforts to locate plaintiff, and is unable to do so or to obtain any information which could reasonably lead to further inquiry. Accordingly, the Rule to Show Cause is made absolute and the petition in this court is dismissed for failure to prosecute.
IT IS SO ORDERED.